# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ANGELA CASCIANO-SCHLUMP,

Plaintiff,

v.  CIVIL NO. 17-2196 (GAG)

JETBLUE AIRWAYS CORP.,

Defendant.

## OPINION AND ORDER

This case concerns the alleged loss of a valuable jewelry roll following a flight from Boston, Massachusetts to San Juan, Puerto Rico. Angela Casciano-Schlump ("Plaintiff") brings this action against JetBlue Airways Corp. ("Defendant"), alleging breach of contract of carriage ("Count I"), negligent misrepresentation ("Count II"), breach of contract of bailment ("Count III"), and negligence under Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit 31, § 5141 ("Count IV"). (Docket No. 2).

Presently before the Court is Defendant's motion to dismiss the amended complaint. (Docket No. 12.) Defendant raises two bases for dismissal. First, the Court lacks subject-matter jurisdiction to entertain the amended complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Second, even if this Court has jurisdiction over Plaintiff's claims, the amended complaint fails to state a claim under Rule 12(b)(6). Id. Plaintiff opposed the motion, while at the same time voluntarily withdrawing Counts II, III, and IV of her claim. (Docket No. 15 at 2). Defendant replied and Plaintiff sur-replied (Docket Nos. 18, 21). Pursuant to Plaintiff's voluntary withdrawal, the Court will **DISMISS** Counts II, III, and IV of Plaintiff's claim. After reviewing the parties' submissions and

**Civil No. 17-2196 (GAG)**

pertinent law, the Court **DENIES** Defendant's motion to dismiss as to the remaining claim at Docket No. 12.

## I. Relevant Factual Background

In her amended complaint, Plaintiff alleges the following facts, which the Court accepts as true for the purpose of resolving Defendant's motion to dismiss:

Plaintiff, a resident of Puerto Rico, purchased an e-ticket through Defendant's website for a flight on September 13, 2016 from Boston, Massachusetts to San Juan, Puerto Rico, and became a party to Defendant's contract of carriage ("Contract"). (Docket No. 2 ¶¶ 1, 9, 10). Because of mobility issues, upon her arrival at Logan Airport in Boston on September 13, 2016, Plaintiff procured a wheelchair and attendant to help her to her gate. Id. ¶ 13. She checked one piece of luggage, and kept one small, carry-on compliant roller bag and a purse to bring with her on the plane. Id. ¶¶ 13, 16. Among other things, the carry-on bag contained a jewelry roll that included "an antique white sapphire necklace and earrings, a single short strand of mikimoto pearls, a long double strand of pearls with diamond clasp, three pairs of earrings—gold and silver, antique silver gray bead necklace with earrings, antique garnet necklace with earrings, and an onyx ring with center diamond." Id. ¶14.

Plaintiff arrived at her gate in a wheelchair. Id. ¶ 18. Upon boarding the plane, a flight attendant informed her that her roller bag had to be checked. Id. The flight attendant explained that because she was traveling with the assistance of a wheelchair and there was no one to help her with her baggage, it would have to be gate-checked. Id. Plaintiff stated that she did not need help with her luggage while on board the flight and further, that she did not want the bag checked because it contained valuable items. Id. ¶ 19. The attendant told her that roller bag had to be checked and took it from Plaintiff without giving her an opportunity to remove any items. Id. ¶¶ 19, 21. The flight

2

**Civil No. 17-2196 (GAG)**

arrived in San Juan, Puerto Rico, and Plaintiff picked up both pieces of checked luggage from the baggage claim. Id. ¶ 22. Plaintiff did not open either bag until she arrived at her home, at which point she discovered that the jewelry roll was missing. Id. ¶ 23. When she contacted Defendant with her claim, Plaintiff was informed that she would not be reimbursed because the Contract did not compensate passengers for the loss of valuables. Id. This suit followed.

**II.  Standard of Review**

"When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter." Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149 (1st Cir. 2002) (citations omitted). "After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." Id. at 150. When performing its analysis under either rule, the court will "'construe the [c]omplaint liberally and treat all well-pleaded facts as true, according the plaintiff[] the benefit of all reasonable inferences.'" Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

Rule 12(b)(1) requires dismissal when the court lacks subject-matter jurisdiction to entertain a complaint. FED. R. CIV. P. 12(b)(1). "Federal [c]ourts are courts of limited jurisdiction." Rolón v. Rafael Rosario & Assocs. Inc., 450 F. Supp. 2d 153, 156 (D.P.R. 2006). As such, "[a] federal court should rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases." Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995). Once jurisdiction is challenged, "the plaintiff[]… must carry the burden of demonstrating the existence of federal jurisdiction." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (citation omitted).

Rule 12(b)(6), by contrast, provides that a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). "To

3

survive a Rule 12(b)(6) motion to dismiss, the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Miller v. Town of Wenham, 833 F.3d 46, 51 (1st Cir. 2016) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This requires determining whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

As noted above, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). A claim will be dismissed unless "the facts, evaluated in that plaintiff-friendly manner, contain enough meat to support a reasonable expectation that an actionable claim may exist." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).

### III. Discussion

#### A. Reference to Materials Outside the Pleadings

Before diving into the heart of Defendant's arguments, the Court will address the parties' dispute with regard to the documents attached to the complaint and the motion to dismiss. "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint…. Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6)." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). "When discovery has not 'begun and the nonmovant has had no reasonable opportunity to obtain and submit additional evidentiary materials

4

**Civil No. 17-2196 (GAG)**

to counter the movant's [evidence], conversion of a Rule 12 motion to a Rule 56 motion is inappropriate.'" Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 73 (1st Cir. 2014) (alteration in original) (quoting Whiting v. Maiolini, 921 F.2d 5, 7 (1st Cir. 1990)). There are a few instances, however, where a court may "consider on a Rule 12(b)(6) motion documents that were not attached to the complaint.… [T]hese 'narrow exceptions' [] include 'documents the authenticity of which are not disputed by the parties; … documents central to plaintiffs' claim; or … documents sufficiently referred to in the complaint.'" Id. at 74 (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

Here, Plaintiff attached a version of the Contract to her amended complaint. (Docket No. 2-1). Because the document was attached to Plaintiff's complaint, the Court will consider it.[1] The complication comes in the form of the documents attached to Defendant's motion to dismiss. (Docket No. 12-1). The contested exhibits are: (1) An unsworn statement under penalty of perjury by Defendant's Litigation and Regulatory Counsel, Brian Friedman; and (2) an example of a JetBlue electronic ticket confirmation ("Sample Confirmation") from September 2016. Id. at 1-2, 55-58.

In Foley, 772 F.3d at 74, the First Circuit held that a plaintiff's failure to contest the authenticity of a letter did not mean that its authenticity was undisputed. The plaintiff did not have an opportunity to challenge the letter, and moreover, he made it clear that he was suspicious of the document. As such, the court reasoned that the plaintiff had called into question the integrity of the document and thus contested its authenticity. Id.

---

[1] Plaintiff's version of the Contract states that it was "Revised May 16, 2017." (Docket No. 2-1 at 1). Defendant subsequently attached a version that states "Revised August 27, 2016." (Docket No. 12-1 at 3). It appears that Defendant's version is the one that was in place during the timeframe referenced in Plaintiff's complaint—prior to and including—September 13, 2016. (Docket No. 2 ¶¶ 9, 13). The Court acknowledges this discrepancy, while at the same time noting that the substance referenced by the parties is identical in both versions. As such, the Court will refer to Plaintiff's version at Docket No. 2-1.

**Civil No. 17-2196 (GAG)**

Defendant first argues that the documents attached to its motion to dismiss have been properly authenticated by Mr. Friedman in his unsworn statement, and Plaintiff has not properly disputed their authenticity. (Docket No. 18 at 2). Plaintiff responds by objecting to Mr. Friedman's statement as "self-serving." (Docket No. 15 at 4). Defendant avers that an affidavit may be at once self-serving and still competent to support or defeat a motion. (Docket No. 18 at 2). Because Mr. Friedman is competent to make declarations about the matters in his statement, Defendant contends that the authenticity requirement should be deemed met. Id. at 2-3.

Defendant's argument misses the mark. Although she does not explicitly question the authenticity of the document, by objecting and referring to the statement as "self-serving," Plaintiff has "called into question the integrity" of the exhibit. Foley, 772 F.3d at 74. As such, the document's authenticity is disputed. At this early stage of the proceedings, particularly where Plaintiff has not had an opportunity to challenge the document, the Court will not consider Mr. Friedman's statement attached to Defendant's motion to dismiss.

Defendant next argues that the Sample Confirmation should be considered because it is central to Plaintiff's claim, it is sufficiently referenced in Plaintiff's complaint, and Plaintiff has not explicitly contested its authenticity. (Docket No. 18 at 3). The Sample Confirmation, however, is not the exact confirmation sent to Plaintiff; rather, it is an example of what a confirmation email might look like—a fact that Defendant acknowledges. (Docket No. 18 at 3). Given the fact-specific inquiry required to determine whether a passenger was on notice of a contract's limitations of liability, a generic version of the confirmation is not central to Plaintiff's claim. Further, at no point in her amended complaint does Plaintiff mention an electronic ticket confirmation, only the fact that she purchased an "e-ticket." (Docket No. 2 ¶ 9). Thus, the Sample Confirmation was not sufficiently referenced—or indeed, referenced at all—in the complaint. Finally, although Plaintiff does not

6

**Civil No. 17-2196 (GAG)**

explicitly contest the Sample Confirmation's authenticity, she has not had an opportunity to challenge the document.

Considering the above, the Court declines to convert Defendant's motion to dismiss into a motion for summary judgement "without providing [Plaintiff] a reasonable opportunity to present material pertinent to the motion." Foley, 772 F.3d at 75. The only document to which the Court will refer in considering Defendant's motion to dismiss is the Contract attached to Plaintiff's complaint.

B. Subject-Matter Jurisdiction

Defendant first argues that the Court lacks subject-matter jurisdiction because Plaintiff's claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1) ("Act"). (Docket No. 12 ¶ 3). The Act contains a provision prohibiting states from "enact[ing] or enforce[ing] a law, regulation, or other provision having the forces and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). Defendant posits that, even taking Plaintiff's well-pleaded allegations as true, Plaintiff's state law tort claims[2] are preempted by this provision. In her opposition, Plaintiff withdraws Counts II, III, and IV of her claim, but argues that Count I—breach of contract of carriage—is not preempted by the Act. (Docket No. 15 at 2). Because the Supreme Court has held that "the A[ct] permits state-law-based court adjudication of routine breach-of-contract claims," Count I of Plaintiff's amended complaint survives the Rule 12(b)(1) stage of analysis. Am. Airlines, Inc. v. Wolens, 513 U.S. 219, 232 (1995); see also Nw., Inc. v. Ginsberg, 134 S. Ct. 1422, 1429 (2014). Defendant's motion to dismiss as to Count I of Plaintiff's claim is

---

[2] It does not appear that Defendant has even argued that Claim I should be dismissed under Rule 12(b)(1). While the motion to dismiss states that "the [c]omplaint must be dismissed pursuant to Rule 12(b)(1), Defendant only references Plaintiff's state law tort claims, not those with regard to breach of contract. (Docket No. 12 ¶¶ 3-10).

7

**Civil No. 17-2196 (GAG)**

hereby **DENIED**. Pursuant to Plaintiff's voluntary withdrawal, Counts II, III, and IV of her claim are **DISMISSED**.

C. Failure to State a Claim

In the context of a dispute over the terms of a travel ticket, the First Circuit applies a "reasonable communicativeness" test to determine whether a passenger was on reasonable notice of said terms. Shankles v. Costa Armatori, S.P.A., 722 F.2d 861, 864 (1st Cir. 1983). "This precedent is designed to give passengers a fair chance to learn about conditions affecting their legal rights that otherwise might be buried within 'the fine print of adhesion contracts of passage…'" Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 8 (1st Cir. 1991) (quoting Shankles, 722 F.2d at 864).

The "reasonable communicativeness" test requires analysis under two prongs. First, "the court must examine in detail the physical characteristics of ticket/contract 'and whether its language and appearance make the relevant provisions sufficiently obvious and understandable.'" Sasso v. Travel Dynamics, Inc., 844 F. Supp. 68, 71 (D. Mass. 1994) (quoting Lousararian, 951 F.2d at 8). Second, the court will make "an examination of the extrinsic circumstances 'surrounding the passenger's purchase and subsequent retention of the ticket/contract.'" Id. (quoting Shankles, 722 F.2d at 865).

The Court's analysis need go no further than the first prong. Although Plaintiff acknowledges that she became a party to the Contract (Docket No. 2 ¶ 10), without Plaintiff's actual ticket, there can be no detailed examination of the "physical characteristics of ticket/contract [or confirmation email] 'and whether its language and appearance make the relevant provisions sufficiently obvious and understandable.'" Sasso, 844 F. Supp. at 71 (quoting Lousararian, 951 F.2d at 8)). Indeed, Defendant's primary argument relies on an examination of the Sample Confirmation, a document that the Court has declined to consider. It may very well be that upon examination of Plaintiff's

8

**Civil No. 17-2196 (GAG)**

actual ticket and the circumstances surrounding its purchase, it will become clear that Plaintiff did indeed have reasonable notice of the Contract's terms and conditions. Making the determination based solely on Plaintiff's well-pleaded complaint, however, the Court finds—at this preliminary stage—that Plaintiff has alleged sufficient facts to clear the hurdle of a 12(b)(6) motion.

IV. **Conclusion**

For the reasons stated above, Court **DISMISSES with prejudice** Counts II, III, and IV of Plaintiff's claim. After reviewing the parties' submissions and pertinent law, the Court **DENIES** Defendant's motion to dismiss as to the remaining claim (Count I) at Docket No. 12.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 21st day of December, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge